UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VERNON P. TURNER,<br><br>                Plaintiff,<br><br>        v.<br><br>CRYSTAL KRIER.,<br><br>                Defendant. | Case No. 25-1155-KHV-BGS |

**MEMORANDUM & ORDER ON *IN FORMA PAUPERIS* APPLICATION and**
**REPORT & RECOMMENDATION FOR DISMISSAL**

In conjunction with his Complaint alleging that his appointed criminal attorney violated 42 U.S.C. § 1983 and his Constitutional rights, Plaintiff Vernon Turner filed a Motion to Proceed Without Prepayment of Fees ("*In forma Pauperis* ('IFP') application") with a supporting financial affidavit (Docs. 4, 4-1, sealed).  For the reasons set forth herein, Plaintiff's *IFP* application (Doc. 4) is **GRANTED**.  However, the undersigned Magistrate Judge **recommends** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failing to state a viable federal cause of action.

**I.      Motion to Proceed *IFP*.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that … the person is unable to pay such fees or give security therefor."  To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).  Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).  The decision to

grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Based on the financial information provided by Plaintiff in his affidavit of financial status (Doc. 3-1, sealed), the Court finds that Plaintiff has shown an inability to pay the filing fee and a belief that he is entitled to relief. Thus, the Court **GRANTS** Plaintiff's motion to proceed without prepayment of fees (Doc. 3).

## II.     Sufficiency of Complaint.

When a Plaintiff proceeds IFP, the Court may screen the Complaint under 28 U.S.C. § 1915(e)(2). Pursuant to that section, a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006). The Court

will also liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Twombly*, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Bemis*, 500 F.3d at 1218 (citing *Twombly*, 127 S.Ct. at 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a *pro se* plaintiff." *Olson v. Carmack*, 641 Fed.Appx. 822, 825 (10th Cir. 2016). "This is so because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury … ." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, 38 Fed. Appx. 510, 515 (10th Cir. 2002) (citation omitted). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a plaintiff's Complaint and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

In his Complaint, which Plaintiff drafted himself using the District's form Complaint, Plaintiff alleges that his court-appointed attorney, Defendant Crystal Krier,[1] violated 42 U.S.C. § 1983 and his Constitutional rights during her representation of him. (*See generally* Doc. 1.) Plaintiff asserts three causes of action under § 1983: (1) Willful failure to investigate and secure exculpatory evidence in violation of the Sixth and Fourteenth Amendments; (2) Failure to present readily available exculpatory evidence in violation of the Sixth and Fourteenth Amendments; and (3) Failure to provide or review discovery materials in violation of the Sixth and Fourteenth Amendments. Plaintiff affirms that this 42 U.S.C. § 1983 claim does not seek to challenge or overturn any conviction, but rather is "based solely on the actions of [Defendant] that resulted in [Plaintiff's alleged] excessive pre-trial incarceration." (*Id.*, at 3.)

That stated, the general rule is that a criminal defendant may not bring claims for constitutional violations against his court-appointed attorney under 42 U.S.C.A. § 1983 because that attorney "does not act under color of state law when performing a lawyer's traditional functions as

---

[1] The Court takes judicial notice of the fact that Defendant Krier is now a judge with Sedgwick County District Court. The events alleged in this lawsuit, however, occurred before Defendant became a judge.

counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25, 102 S. Ct. 445, 453, 70 L Ed. 2d 509 (1981) (in the context of a public defender). *See also Harris v. Champion*, 51 F.3d 901, 910 (10th Cir. 1995) (affirming dismissal of § 1983 suit brought by criminal defendants against their court-appointed defense attorneys for violation of their rights to counsel and due process), *superseded by statute* on other grounds as stated in *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011).

While a public defender or court-appointed attorney "may be paid with state funds, she acts independent of the state's authority, and instead exercises her independent judgment in representing a criminal defendant." *Zapata v. Public Defenders Office*, 252 Fed. Appx. 237, 239 (10th Cir. 2007) (citation omitted) (holding that the plaintiff could not recover under § 1983 against the public defender designated to defend him). Also of importance is the "obligation of the state to respect the professional independence" of the attorneys it engages to represent indigent defendants. *Polk*, 454 U.S. 312, 321-22, 102 S. Ct. 445, 451-52 (emphasis added). The U.S. Supreme Court decision of *Gideon v. Wainwright*,

> established the right of state criminal defendants to the ' 'guiding hand of counsel at every step in the proceedings against [them].' ' [372 U.S. 335, 345, 83 S.Ct. 792, 797, 9 L.Ed.2d 799 (1963)], quoting *Powell v. Alabama*, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932). **Implicit in the concept of a 'guiding hand' is the assumption that counsel will be free of state control**.

*Polk*, 454 U.S. 312, 321-22, 102 S. Ct. 445, 451-52 (emphasis added). "Thus, even if counsel performs what would otherwise be a traditional lawyer function ... so inadequately as to deprive the client of constitutional rights, defense counsel still will not be deemed to have acted under color of state law." *Harris*, 51 F.3d at 910 (affirming dismissal of § 1983 suit brought by criminal defendants against their court-appointed defense attorneys).

There are, however, exceptions to this rule. "A public defender may act under color of law when acting outside her traditional functions as counsel … and 'an otherwise private person' such as

a public defender acts 'under color of state law' when conspiring with state officials to deprive a client of constitutional rights." *Armajo v. Wyoming Public Defender*, No. 23-8041, 2024 WL 470547, at n.1 (10th Cir. Feb. 7, 2024) (citing *Polk*, 454 U.S. at 324-25, 102 S. Ct. at 453 and *Tower v. Glover*, 467 U.S. 914, 920, 104 S. Ct. 2820, 2824, 81 L. Ed. 2d 758 (1984)).  Plaintiff did not, however, allege either that Defendant acted outside her traditional role and function as counsel or that she conspired with a state official.  *See* Doc. 1, at 7 (stating that "Petitioner does not allege that Respondent directly conspired with the District Attorney …").[2]  As such, he has not alleged a viable federal cause of action against Defendant.

The Court also has concerns as to potential statute of limitations issues that may bar Plaintiff from bringing these claims in federal court.  Give the lack of specific information and dates in Plaintiff's Compliant, as well as the recommendation of dismissal on other grounds, *supra*, the Court will not address that issue further herein.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 4) is **GRANTED**.

IT IS RECOMMENDED to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** as he failed to state a claim upon which relief may be granted.  <u>The Clerk's office shall not issue summons at this time</u>.

IT IS ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings

---

[2] Plaintiff's Complaint does, however, include the following language:  "As held in *Osborn v. Shillinger*, an attorney who conspires, explicitly or **through action**, with the prosecution has ceased to represent their client **and has become a de facto agent of the State**." (Doc. 1, at 30 (emphasis in original).)  Plaintiff provided no citation for this case.  Further, the Court's research found no case under this (or any other) name with this language.

of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

IT IS SO ORDERED AND RECOMMENDED.

Dated August 14, 2025, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge