**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **VERNON P. TURNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 25-1155-KHV** |
| **CRYSTAL KRIER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On July 17, 2025, Vernon P. Turner filed a pro se complaint under 42 U.S.C. § 1983 against his former attorney, Crystal Krier, who represented him on various state criminal charges. See Petition Under 42 U.S.C. § 1983 (Doc. #1). Plaintiff alleges that in violation of the Sixth and Fourteenth Amendments of the United States Constitution, he suffered excessive pretrial incarceration because defendant (1) failed to investigate and secure exculpatory evidence; (2) failed to present available exculpatory evidence; and (3) failed to review discovery materials. On August 14, 2025, Magistrate Judge Brooks G. Severson permitted plaintiff to proceed in forma pauperis, but recommended dismissal of his complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a viable federal claim. Memorandum & Order On In Forma Pauperis Application And Report And Recommendation For Dismissal (Doc. #7). This matter is before the Court on plaintiff's Objection To Report & Recommendation For Dismissal (Doc. #9) filed August 29, 2025. For reasons stated below, the Court overrules plaintiff's objection, adopts the magistrate judge's report and recommendation and dismisses plaintiff's complaint.

**Legal Standards**

When the Court grants a party leave to proceed in forma pauperis, the Court must dismiss the complaint if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be

granted or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To determine whether to dismiss a complaint under Section 1915(e)(2)(B)(ii) for failure to state a claim, the Court applies the standard for dismissals under Rule 12(b)(6), Fed. R. Civ. P.  Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007).  The Court therefore assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  To avoid dismissal, the pro se complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face.  Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.  Iqbal, 556 U.S. at 679–80.

Plaintiff bears the burden to frame his claims with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements.  See Twombly, 550 U.S. at 556.  Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678.  Plaintiff must show more than a sheer possibility that defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent with" liability.  Id. (quoting Twombly, 550 U.S. at 557).

A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand.  Iqbal, 556 U.S. at 678.  Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the pleading has alleged—but has not shown—that the pleader is entitled to relief.  See id. at 679.  The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under

Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case.  <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1248 (10th Cir. 2008).

Upon objection to a magistrate judge report and recommendation on a dispositive matter, the Court reviews de novo those portions of the report and recommendation to which a party objects.  <u>See</u> Fed. R. Civ. P. 72(b)(3).  The Court may accept, reject or modify, in whole or in part, the magistrate judge recommendations or findings.  <u>See</u> <u>id.</u>

The Court affords a pro se plaintiff some leniency and liberally construes his filings.  <u>See</u> <u>James v. Wadas</u>, 724 F.3d 1312, 1315 (10th Cir. 2013).  Although the Court holds a pro se litigant's filings to a less stringent standard than formal pleadings drafted by attorneys, a pro se party must follow the same rules of procedure as all other litigants.  <u>See</u> <u>Garrett v. Selby Connor Maddux & Janer</u>, 425 F.3d 836, 840 (10th Cir. 2005).

<u>**Analysis**</u>

Judge Severson correctly set forth the governing legal principles under Section 1983.  A criminal defendant ordinarily may not bring constitutional claims against his court-appointed attorney because the attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  <u>Memorandum & Order On In Forma Pauperis Application And Report And Recommendation For Dismissal</u> (Doc. #7) at 4–5 (quoting <u>Polk Cnty. v. Dodson</u>, 454 U.S. 312, 324-25 (1981)).[1]  The Supreme Court has recognized a limited exception where court-appointed counsel acts outside her traditional functions

---

[1]    <u>See also</u> <u>id.</u> at 5 (while public defender or court-appointed attorney may be paid with state funds, she acts independent of state authority, and instead exercises independent judgment in representing criminal defendant) (citing <u>Zapata v. Pub. Defs. Off.</u>, 252 F. App'x 237, 239 (10th Cir. 2007)); <u>id.</u> (even if defense counsel performs traditional lawyer functions so inadequately as to deprive client of constitutional rights, counsel not deemed to have acted under color of state law) (citing <u>Harris v. Champion</u>, 51 F.3d 901, 910 (10th Cir. 1995)).

as counsel such as "conspiring with state officials to deprive a client of constitutional rights." Id. at 5–6 (quoting Armajo v. Wy. Pub. Def., No. 23-8041, 2024 WL 470547, at *2 n.1 (10th Cir. Feb. 7, 2024) (citing Polk, 454 U.S. at 324–25 and Tower v. Glover, 467 U.S. 914, 920 (1984)).

Plaintiff argues that the magistrate judge erred because she held that to state a Section 1983 claim against counsel, plaintiff must allege a "direct conspiracy" between counsel and the prosecution. Objection To Report & Recommendation For Dismissal (Doc. #9) at 2–6. In fact, Judge Severson recommended dismissal of the complaint because it did not allege that his counsel "acted outside her traditional role and function as counsel or that she conspired with a state official." Memorandum & Order On In Forma Pauperis Application And Report And Recommendation For Dismissal (Doc. #7) at 6. Judge Severson noted that the complaint stated that plaintiff did not allege that defendant "directly conspired with the District Attorney," but she recommended dismissal because plaintiff did not allege facts which established "a conspiracy"— direct or otherwise—between defendant and the District Attorney. Id. (citing Petition Under 42 U.S.C. § 1983 (Doc. #1) at 7).

Plaintiff argues that in Tower, the Supreme Court held that even absent a direct conspiracy, appointed attorneys may be liable under Section 1983 "if their conduct is taken in concert with, or knowingly benefits, the prosecution." Objection To Report & Recommendation For Dismissal (Doc. #9) at 5 (quoting Tower, 467 U.S. at 920). Tower does not include the cited language at all. It holds that plaintiff can maintain a Section 1983 action against appointed counsel only if she "engaged in a conspiracy with state officials to deprive another of federal rights." 467 U.S. at 920. Tower contains no language which suggests that a criminal defendant can maintain a Section 1983

claim against counsel for non-concerted conduct which "knowingly benefits" the prosecution.[2] See Briscoe v. LaHue, 460 U.S. 325, 329 n.6 (1983) (even though defense counsel's defective performance may cause deprivation of accused person's liberty in unconstitutional manner, counsel does not himself act under color of state law within meaning of § 1983).

Plaintiff argues that counsel may be liable if she acts "knowingly and deliberately." Objection To Report & Recommendation For Dismissal (Doc. #9) at 4. Plaintiff ignores the fact that for counsel to be liable under Section 1983, her intentional misconduct must relate in some respect to a conspiracy with state officials. See Tower, 467 U.S. at 923 (counsel may be liable under Section 1983 for "intentional misconduct, 'under color of' state law, by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights"). In the complaint, plaintiff has not alleged facts which plausibly establish such a conspiracy.

Finally, plaintiff argues that the magistrate judge erred because she did not grant him leave to amend the complaint. Ordinarily, a party must file a motion to amend before the Court will grant leave to amend. Calderon v. Kan. Dep't of Soc. & Rehab. Servs., 181 F.3d 1180, 1185–86 (10th Cir. 1999). District of Kansas Local Rule 15.1 requires that plaintiff attach to his motion to amend the proposed pleading and a redlined version of the proposed amendment. D. Kan. R. 15.1(a). If a party does not file a formal motion to amend, a request to amend must still give

---

[2]     Plaintiff's complaint alleges that "[a]s held in *Osborn v. Shillinger*, an attorney who conspires, explicitly or through action, with the prosecution has ceased to represent their client and has become a de facto agent of the State." Petition Under 42 U.S.C. § 1983 (Doc. #1) at 30. As the magistrate judge noted, plaintiff provides no citation for Osborn v. Shillinger. The magistrate judge also noted that she found no case under this (or any other) name with this language. Likewise, the Court finds no authority for the proposition that an attorney becomes a de facto agent of the State by failing to adequately represent a client. The Tenth Circuit addressed a Section 1983 claim in Osborn v. Shillinger, 932 F.3d 975 (Table) (10th Cir. 1991), but that case involved a claim against prison officials for denying plaintiff access to the courts by refusing to let him contact his attorney.

adequate notice of the basis for the proposed amendment before the Court must recognize that a motion for leave to amend is before it.  Calderon, 181 F.3d at 1186–87.  In objecting to the magistrate judge recommendation, plaintiff has not provided a copy of a proposed amended complaint or set forth the content of any additional allegations which might plausibly establish that defendant acted under color of state law or outside her traditional functions as appointed counsel.[3] The Court therefore concludes that the magistrate judge did not err when she did not sua sponte grant plaintiff leave to amend the complaint.  See Serna v. Denver Police Dep't, 58 F.4th 1167, 1172 (10th Cir. 2023) (affirming denial of leave to amend because pro se plaintiff did not identify with specificity basis for amended claims or file motion with proposed amended complaint as required by federal and local rules).

**IT IS THEREFORE ORDERED** that plaintiff's Objection To Report & Recommendation For Dismissal (Doc. #9) filed August 29, 2025 is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Memorandum & Order On In Forma Pauperis Application And Report And Recommendation For Dismissal (Doc. #7) which Magistrate Judge Brooks G. Severson entered August 14, 2025 is **ADOPTED in full**.  **The Court dismisses**

---

[3]    The Supreme Court has recognized that a public defender could act outside her traditional function as counsel and act under color of state law, but those circumstances are limited to a public defender's "hiring and firing decisions" or perhaps when she performs "certain administrative and possibly investigative functions" or maintains an unconstitutional policy. Dodson, 454 U.S. at 324–26.  Plaintiff's complaint does not plausibly allege that counsel acted outside her traditional function as appointed counsel or conspired with state officials.  Samuels v. McDonald, 723 F. App'x 621, 623 (10th Cir. 2018); see Miranda v. Clark Cnty., 319 F.3d 465, 468–69 (9th Cir. 2003) (allegation that assistant public defender subpoenaed no witnesses and mounted no defense insufficient to establish that he did not act in traditional role as lawyer); Dyer v. Jones, No. H-25-2686, 2025 WL 2711503, at *1, 7 (S.D. Tex. Sept. 22, 2025) (appointed counsel's alleged failure to conduct thorough investigation and to locate witnesses insufficient to show counsel acted under color of state law); cf. Miranda, 319 F.3d at 469–70 (allegation that administrative head of defender's office allocated limited County resources based on apparent guilt or innocence of accused sufficient to allege that he acted under color of state law).

plaintiff's **Petition Under 42 U.S.C. § 1983** **(Doc. #1) filed July 17, 2025 for failure to state a claim on which relief can be granted.**

Dated this 22nd day of October, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge